## C. H. Burton and M. R. Sullivan, Appellees, v. Estate of Hugh McGeever, Appellant.

1. SPENDTHRIFTS—*when evidence as to voluntary signature to contract for division of property is inadmissible in action for attorneys' fees against conservator of husband.* Where the conservator of an adjudged drunkard and spendthrift shortly after his appointment employed certain attorneys to file a bill to set aside a contract entered into between the ward and his wife shortly before he was adjudged a drunkard and spendthrift for a separation and a division between them of his property, on the ground that he was intoxicated at the time he executed said instrument, which bill was dismissed after the ward's death and after a demurrer

thereto filed by his wife as administratrix of his estate had been overruled, and thereafter said attorneys brought suit against the estate for solicitors' fees in filing said bill, *held* that evidence that the ward was not intoxicated when he signed said instrument, and that same was entered into by him without any fraud or circumvention on the part of his wife, was properly excluded, as it was not a question to be determined in said suit whether or not the contract or agreement could and would have been set aside, but whether said bill was filed in good faith to protect the property or rights of the ward by the conservator.

2. SPENDTHRIFTS—*what authority conservator has to bring suits to protect rights of ward.* Under Rev. St. ch. 22, sec. 5 (J. & A. ¶ 885), a conservator of a drunkard and spendthrift has a right to bring a suit in chancery in good faith to protect the rights of his ward without first obtaining an order of record in the Probate Court, as his authority to bring such suit is given by the statute.

3. SPENDTHRIFTS—*what allowance should be granted to conservator bringing suit to protect interests of ward.* If a conservator of a drunkard and spendthrift acts in good faith in bringing suit to protect the interests of his ward, he should be allowed an amount sufficient to pay any reasonable indebtedness incurred or amount expended in protecting such interests.

4. SPENDTHRIFTS—*when testimony of probate judge as to advising bringing of suit is admissible in suit against conservator for attorneys' fees.* In a suit by attorneys for fees for bringing suit at the instance of a conservator in the interests of his ward, a drunkard and spendthrift, testimony by the judge of the Probate Court where such conservator was appointed that he advised the bringing of such suit is admissible for the purpose of showing good faith on the part of the conservator in employing said attorneys to bring said suit.

Appeal from the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed November 13, 1916.

J. B. HARRIS and TERRY, GUELTIG & POWELL, for appellant.

D. H. MUDGE, for appellees.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This suit arises out of a claim for solicitors' fees filed against the estate of Hugh McGeever, deceased, for the sum of $200, by appellees, attorneys at law, of Madison county, Illinois, for services in preparing and filing a bill in chancery for the conservator of said Hugh McGeever in his lifetime. On the trial in the Probate Court of said county, appellees were allowed $125 for their fees and in the Circuit Court, to which the case was appealed, there was a verdict and judgment for $100. From that judgment an appeal has been taken to this court by the executrix of the estate. The grounds relied on by appellant for reversal are that the conservator had no authority to bring the suit in chancery without an order of the Probate Court, and that the trial court erred in the admission and exclusion of evidence.

There are no controverted facts in the case. In April, 1913, Hugh McGeever and his wife, Katie McGeever, after continued disagreements and a separation, entered into a written agreement for future separation, wherein, in connection with several other provisions, he deeded his wife certain real estate and she released her inchoate right of dower in other property belonging to him. Shortly after this agreement was recorded, to wit, on May 12, 1913, Hugh McGeever was adjudged a drunkard and a spendthrift and Julius Rosenburg was appointed his conservator by the Probate Court. Some two weeks later, appellees were employed by the conservator as solicitors to file a bill in chancery to set aside the contract and agreement on the ground that his ward was so intoxicated at the time of the execution of the instrument that he did not know what he was doing. This bill was filed May 27, 1913, and summons was issued to the following October term of said court of said county. About a month previous to the convening of the Circuit Court, McGeever died and his wife was appointed executrix of his last will and testament.

She filed a demurrer to the bill in chancery, which was overruled, but the bill was subsequently dismissed. Appellant attempted to show on the trial of this cause that deceased was sober at the time he signed the agreement and that the contract was entered into without any fraud or circumvention on the part of the wife, but the court sustained an objection of appellees to this testimony, and it was not admitted. It was not a question to be determined in this case whether or not the contract and agreement could or would have been set aside, but whether the suit was commenced in good faith to protect the property or rights of the ward by the conservator. The court in this case had no right to investigate the question whether McGeever was intoxicated or not at the time he entered into the agreement with his wife, and therefore the evidence on that subject was properly excluded.

The judge of the Probate Court was permitted to testify on the part of appellees, over the objection of appellant, that he had advised or instructed the conservator and one of the appellees to file the bill in chancery. Appellant contends that this testimony was improperly admitted for the reason that authority to the conservator to bring the suit must have been based upon an order of the Probate Court and the record must have been produced to show the order. Section 5, ch. 22 of our Revised Statutes (J. & A. ¶ 885), in relation to practice in courts of chancery, provides: "Suits in chancery may be commenced and prosecuted by infants, either by guardian or next friend, and by conservators on behalf of the persons they represent." We are of opinion that under this statute a conservator has a right to bring suits in chancery in good faith to protect the rights of his ward; that the statute itself is sufficient to give the authority to bring the suit, and it is not necessary for the conservator to first obtain an order of record in the Pro-

bate Court before bringing the same. It is true that the conservator is under the general guidance and supervision of the Probate Court, which should hold him to the strictest accountability in the execution of his trust, and should carefully scrutinize his accounts in regard to the liabilities incurred or expenditures made. But the authority to bring a suit in chancery to protect his ward's interests is given by the statute and, in so doing, he is acting under the statute. If he so acts in good faith he should be allowed an amount sufficient to pay any reasonable indebtedness incurred or amount expended in protecting the interests of his ward. While it was not necessary for the conservator in this case to have produced in evidence the record of an order made by the County Court to permit him to file the bill in chancery in question, yet we think that the testimony of the county judge to the effect that he advised the bringing of the suit was admissible for the purpose of showing good faith on the part of the conservator, and the court did not err in admitting the same. When the estate passed from the hands of the conservator to the executrix it remained subject to the claim of appellees for services rendered the conservator, and it was proper for the Probate Court to make a reasonable allowance for the same. There is no question raised here but that the amount allowed in the Circuit Court was reasonable and the judgment will be affirmed.

*Judgment affirmed.*